UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KATHLEEN N. ZEIGLER,

    Plaintiff(s),

v.

DETR – PANDEMIC UNEMPLOYMENT ASSISTANCE,

    Defendant(s).

Case No. 2:22-cv-00155-RFB-NJK

**ORDER TO SHOW CAUSE**

    The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

    In this case, Plaintiff is appealing the denial of unemployment assistance by the Nevada Employment Security Division. *See* Docket No. 2-1 at 6. Judicial review of such a denial is obtained by "commencing an action *in the district court of the county* where the employment which is the basis of the claim was performed." N.R.S. 612.530(1) (emphasis added). Hence, federal district courts lack jurisdiction over such an appeal as it must "be brought before the District Court for the State of Nevada in the County in which the work was performed, rather than the United States District Court." *Ullauri-Moron v. Nev. Dept. of Emp., Training, & Rehab.*, 2012 WL

4891722, at *2 (D. Nev. Sept. 6, 2012), *adopted*, 2012 WL 4864975 (D. Nev. Oct. 3, 2012); *see also Moore v. Nev.*, 2020 WL 6701465, at *2 (D. Nev. Nov. 13, 2020), *adopted*, 2021 WL 2324770 (D. Nev. June 4, 2021).[1]

Accordingly, Plaintiff is hereby **ORDERED** to show cause in writing, no later than February 17, 2022, why this case should not be dismissed for lack of jurisdiction without prejudice to Plaintiff bringing a claim in state court.[2]

IT IS SO ORDERED.

Dated: February 2, 2022

                                                                                                           Nancy J. Koppe
United States Magistrate Judge

---

[1] That Plaintiff invokes the federal CARES Act does not appear to establish jurisdiction over her appeal of the denial of unemployment benefits. *See Paskiewicz v. Brower*, 2020 WL 7074605, at *2 (E.D. Cal. Dec. 3, 2020), 2021 WL 217501 (E.D. Cal. Jan. 21, 2021).

[2] Because this case was initiated in federal court, it does not appear that the Court is empowered to "transfer" or "remand" the matter to state court. *See, e.g.*, *Buffalo Biodiesel, Inc. v. Schneiderman*, 2017 WL 4326103, at *7-10 (W.D.N.Y. Sept. 5, 2017), *adopted*, 2017 WL 4285901 (W.D.N.Y. Sept. 27, 2017).